UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOUIS HENRY SAUNDERS, JR.,

                Plaintiff,

  -against-                           **MEMORANDUM & ORDER**
                                              23-CV-7097 (LDH) (TAM)

KIMBERLY A. McFARLANE, Esq.,

                Defendant.
------------------------------------------------------------X
LOUIS HENRY SAUNDERS, JR.,

                Plaintiff,
  -against-

                                               23-CV-7098 (LDH) (TAM)

HELEN PUNDITS BUA, Esq.,

                Defendant.
------------------------------------------------------------X
LOUIS HENRY SAUNDERS, JR.,

                Plaintiff,
  -against-

                                               23-CV-7099 (LDH) (TAM)

QUEENS FAMILY COURTHOUSE,
JUDGE GILBERT TAYLOR, JUDGE
CAROL STOKINGER, JUDGE DEAN T.
KUSAKABE, JUDGE CONNIE GONZALEZ,
JUDGE ASHLEY B. BLACK, JUDGE EMILY
RUBEN, JAMEELAH JOY HAYES, Support
Magistrate, and SERENA ROSARIO, Support
Magistrate,

                Defendants.
------------------------------------------------------------X

1

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Louis Henry Saunders, Jr., appearing *pro se*, filed these three complaints on September 14, 2023, pursuant to 42 U.S.C. § 1983. The complaints are consolidated solely for the purpose of this Order. The Court grants Plaintiff's applications to proceed *in forma pauperis* ("IFP"). As set forth below, the complaints are dismissed.

## BACKGROUND

These three actions arise from Plaintiff's proceedings in Queens County Family Court. In the first action, Plaintiff brings claims against Kimberly A. McFarlane, a Special Assistant Corporation Counsel representing the New York City Administration for Children's Services ("ACS"), alleging that Defendant McFarlane lied when she told the Family Court at a hearing on August 15, 2016, that Plaintiff was in violation of an order of protection. (*See* Compl. at 3–4, No. 23-cv-7097, ECF No. 1.) Plaintiff further alleges that Defendant McFarlane retaliated against him after he filed a grievance complaint against her by having "a patrol woman L. McFarland … [issue] him two bogus traffic tickets." (*Id.* at 5.) Plaintiff seeks unspecified damages and requests that criminal charges be brought against McFarlane and that she be disbarred. (*Id.*).

In the second action, Plaintiff sues Helen Pundits Bua,[1] his former court-appointed counsel, alleging that Bua failed to adequately represent him in the Family Court proceedings. (*See* Compl. at 3–5, No. 23-cv-7098, ECF No. 1.) Plaintiff seeks to have Bua disbarred and criminal charges brought against Bua. (*Id.* at 6.)

---

[1] Plaintiff also mentions Jess Rao in his statement of claim but does not name this individual as a Defendant. (*See* Compl. at 4, No. 23-cv-7098, ECF No. 1.)

2

In the third action, Plaintiff names the Queens Family Court as well as six Queens Family Court Judges and two Support Magistrates. (*See* Compl. at 2, No. 23-cv-7099, ECF. No. 1.) However, Plaintiff only alleges that Judge Emily Ruben was biased when she granted a neglect petition brought against Plaintiff. (*Id*. at 6.) Plaintiff seeks to expunge the order granting the neglect petition and remove the child support order. (*Id*. at 7.) Plaintiff also seeks to have criminal charges brought against all those involved in the Family Court proceedings. (*Id.*)

### STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have

3

been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

4

42 U.S.C. § 1983. To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)).

## I. Queens Family Court

Plaintiff's claim against the Queens Family Court fails because it is not a proper defendant. As an agency of the State of New York, the Family Court is entitled to immunity under the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 366–68 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"); *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 Fed. App'x. 121, 122–23 (2d Cir. May 18, 2010) (summary order) (noting that state courts, as arms of the State, are immunized from suit); *see also* N.Y. CONST. art. 6, § 1 (establishing the unified court system). Because the New York State Unified Court System is entitled to Eleventh Amendment sovereign immunity, this complaint against one of its family courts, the Queens Family Court, is dismissed because it seeks monetary relief from an entity that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## II. Judicial Defendants

Plaintiff asserts claims against Judges Gilbert Taylor, Carol Stokinger, Dean T. Kusakabe, Connie Gonzalez, Ashley B. Black, and Emily Ruben, as well as Support Magistrates Jameelah Joy Hayes and Serena Rosario ("Judicial Defendants"). (*See* Compl. at 2, No. 23-cv-7099.) Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have

5

absolute immunity from suits for money damages for their judicial actions."). This absolute judicial immunity extends to Support Magistrates in Family Court. *See Lomtevas v. Cardozo*, No. 05-CV-2779, 2006 WL 229908, at *5 (E.D.N.Y. 2006); *see also Hart v. Thompson*, 23-CV-3289, 2023 WL 3949041, at *5 (S.D.N.Y. 2023).

Here, Plaintiff does not allege any facts regarding any of the Judicial Defendants other than Judge Ruben. (*See generally* Compl., No. 23-cv-7099.) Moreover, although Plaintiff alleges that Judge Ruben was biased, he provides no facts to support that conclusion. (*Id*. at 6.) Plaintiff's only allegation against any of the Judicial Defendants appears to be related to an official action taken by Judge Ruben while presiding over Plaintiff's state court proceeding. (*Id*.) Therefore, the Judicial Defendants are entitled to absolute immunity and the complaint filed under docket number 23-cv-7099 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent Plaintiff asserts claims against the Judicial Defendants in their individual capacities seeking injunctive relief rather than damages, the complaint must also be dismissed. In 1996, Congress enacted the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." *See* 42 U.S.C. § 1983. The complaint does not allege that a declaratory decree was violated or allege facts suggesting that declaratory relief was unavailable. In any event, "declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd,* 639 F. App'x 38 (2d Cir. 2016) (citing *Ashmore v. Prus,* No. 13–CV–2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013)). Because Plaintiff has not alleged a

6

violation of a judicial decree or that declaratory relief was unavailable, his claims against the Judicial Defendants must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

Moreover, the Court has no jurisdiction to consider Plaintiff's requests to have the "neglect petition expunged [and] the current child support order removed." (*See* Compl. at 7, No. 23-cv-7088.) Under the *Rooker-Feldman* doctrine, district courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This includes challenges in a federal district court to "the validity or enforcement of [a] child support order." *See Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013); *Hart v Thompson*, No. 23-CV-3289, 2023 WL 3949041, at *3 (S.D.N.Y. June 12, 2023) (collecting cases).

For the foregoing reasons, the complaint filed under docket number 23-cv-7099 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Defendant McFarlane

Plaintiff asserts claims against ACS attorney Kimberly A. McFarlane. (*See generally* Compl., No. 23-cv-7097.) "A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This absolute immunity extends to ACS attorneys because they perform "functions analogous to those of a prosecutor," by "initiat[ing] and prosecut[ing] child protective orders and represent[ing] the interests of the Department and the County in Family Court." *Cornejo*, 592 F.3d at 127-28 (quoting *Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984)). Here, Plaintiff's claims that Defendant McFarlane lied in the course of his proceeding are related to her advocacy on behalf of ACS and,

7

thus, Defendant McFarlane is entitled to absolute immunity. (*See* Compl. at 3-5, No. 23-cv-7097.) Moreover, Plaintiff's claim that Defendant McFarlane retaliated against him by getting a patrol woman to issue two "bogus traffic tickets" three months after the proceeding rises to the level of the irrational or the wholly incredible and is, thus, deemed frivolous. (*Id.* at 5.) *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As such, the complaint filed under docket number 23-cv-7097 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. Defendant Bua

Plaintiff asserts claims against Helen Pundits Bua, his court-appointed attorney in the state court proceedings. (*See generally* Compl., No. 23-cv-7098.) A claim for relief pursuant to Section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983. "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). It is well established that court-appointed attorneys do not act under color of state law when they perform traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client."); *Pecou v. Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) (citing *Polk Cty.*, 454 U.S. at 325) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment."). Because Plaintiff's claims against Defendant Bua relate to her function as counsel for Plaintiff,

8

Defendant Bua did not act under the color of state law. Therefore, the complaint filed under docket number 23-cv-7098 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

## CONCLUSION

Accordingly, these three complaints, filed *in forma pauperis*, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed enter judgment in each case, close each case and mail a copy of this Order to Plaintiff.

SO ORDERED.

    /s/LDH
LaShann DeArcy Hall
United States District Judge

Dated: March 28, 2025
       Brooklyn, New York

---

[2] In addition, Plaintiff cannot file criminal charges against any of the Defendants in these cases as it is well-settled that "crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972); *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

9